IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WESTLEY RETZLER, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MCANDREW, et al., | : | No. 08-2764 |
|     Defendants. | : | |

<u>MEMORANDUM AND ORDER</u>

**Schiller, J.**                                                                                                                                                                          **March 16, 2009**

       Plaintiff Westley Retzler recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

       The first case that Retzler filed centers around an incident in which Retzler claims Police Chief James McAndrew assaulted him and took his property. The above-captioned lawsuit names nine different individuals and entities as Defendants. The following Defendants seek to dismiss the claims against them: Chief James McAndrew, David Woodard, and Bristol Township. For the reasons below, the motion is granted in part and denied in part.

**I.      BACKGROUND**

       Retzler filed for IFP status on June 13, 2008. His request was denied on June 23, 2008, but he filed a request for reconsideration, and the Court granted Retzler IFP status on August 19, 2008.

His Complaint was entered on the docket that same day.

The Complaint alleges that on June 15, 2006, following a Bristol Township Council meeting, Retzler was walking down the hall to the men's room when Chief James McAndrew blocked him, pushed him into a wall and took his digital audio recorder. (Compl. at 2.) Retzler claims that Chief McAndrew hit him with the recorder and twisted his arm. (*Id*.) Sometime during this altercation, David Woodard, whom Retzler identifies as a "Community Service Officer (Civilian Employee)," became involved and shoved Retzler into the wall, then patted him down. (*Id*.) Chief McAndrew and Woodard then entered the auditorium, where Chief McAndrew held up the recorder and yelled, "Look what I got, I got this little psycho [expletive omitted] bastard now!" (*Id*. at 3.)

Retzler was treated at a local hospital. Bucks County detectives investigated the incident, taking a statement from Retzler and digital pictures of his injuries. (*Id*. at 4.) According to Retzler, he has requested these pictures from Deputy Chief McAteer, but McAteer has refused to provide them. (*Id*.)

In mid-August of 2006, two Bucks County Detectives, believed to be Robert Gorman and Terry Lachman, went to Retzler's home and told him that they had his digital audio recorder and that they had obtained a search warrant to listen to the recorder. (*Id*.) The affidavit in support of the search warrant, which Retzler attached to his Complaint, was sworn out by Detectives Lachman and Gorman and based largely on information obtained during an interview they conducted with Chief McAndrew after the June 15, 2006 incident. Magisterial District Judge Joanne Kline issued the search warrant on June 27, 2006. Retzler was provided with a copy of the search warrant and a property receipt for the digital audio recorder. (*Id*. at 5.) Lachman told Retzler that none of the files on the digital audio recorder contained anything incriminating; Lachman also mentioned that Chief

2

McAndrew wanted Retzler "arrested for anything" and thus was targeting him. (*Id*.) The detective informed Retzler that Chief McAndrew and Woodard would not face charges for the June 15, 2006 incident because "if and when the case was heard at Bucks County Court the Police Chief will only bring 20 (twenty) or 30 (thirty) other police officers to testify what a pest and a criminal the plaintiff Westley Retzler is and then the Bucks County District Attorney would loose [*sic*] the case." (*Id*. at 6.) The digital audio recorder was returned to Retzler, without incident, on or about August 28, 2006. (*Id*.)

In a separate June 12, 2007 incident, Retzler was at the Bristol Township Municipal Building when Woodard, who was off duty and departing for the day, parked behind Retzler's vehicle, thereby preventing him from leaving. (*Id*. at 7.) Woodard verbally harassed Retzler and, from inside his vehicle, pointed an automatic weapon at Retzler, and shouted "if you have anything more to say about me I will shoot your [expletive deleted] ass." (*Id*. at 7.)

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because

3

Retzler is proceeding pro se, this Court must construe his Complaint liberally and apply the applicable law, even if Retzler failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id.* at 231.

Because Retzler is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies. Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2008). The frivolousness prong of the law permits judges to examine the factual allegations of the complaint and dismiss claims that rely on baseless factual contentions. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

III.   **DISCUSSION**

    A.   **Plaintiff's Failure to Comply with Federal Rules of Civil Procedure**

Defendants argue that the Court should dismiss Plaintiff's Complaint without prejudice

because the Complaint fails to comport with the Federal Rules of Civil Procedure and because portions of the handwritten Complaint are illegible or unclear, either because of poor copy quality or poor handwriting.

The Court is mindful of Defendants' concerns. The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that the pleader state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. FED. R. CIV. P. 8(a)(2) & 10(b).

Retzler's Complaint does not include numbered paragraphs and it is far from a model of clarity. Nonetheless, it does contain paragraphs and discreet incidents to which Defendants can respond. Furthermore, Defendants' motion to dismiss responded to a number of substantive allegations in the Complaint.[1] The Court therefore will not dismiss Plaintiff's Complaint on these grounds. However, the Court notes the difficulties Defendants face in responding to the Complaint and will not permit Defendants to suffer prejudice because of the Complaint's inadequacies.[2]

### B. *Monell* claim against Bristol Township

Plaintiff's claim against Bristol Township is presumably a *Monell* claim. Under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), a plaintiff may assert a § 1983 claim against a municipality if a policy, regulation, or decision officially adopted by the municipality caused a constitutional violation.

---

[1] For example, Defendants argued that the Complaint failed to state a claim against Bristol Township, that Retzler failed to allege that Woodard acted under color of state law and that the Complaint failed to state a claim for defamation.

[2] Retzler is reminded that although he is acting as his own lawyer, he must follow the Federal Rules of Civil Procedure and the rules of this Court. He would be wise to obtain a copy of the relevant rules and familiarize himself with them.

Reading the Complaint liberally, Plaintiff has failed to raise a *Monell* claim. The Complaint mentions no policy, regulation, decision, or custom that could support a § 1983 claim against Bristol Township. Rather, Retzler seeks to hold Bristol Township liable for the actions of its employees. But it is well settled that "[a] municipality cannot be responsible for damages under section 1983 on a vicarious liability theory." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004); *see also Monell*, 436 U.S. at 694-95. Merely employing a tortfeasor is insufficient to establish § 1983 liability against a municipality. *See Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see also Leatherman v. Tarrant County,* 507 U.S. 163, 166 (1993) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory.").

Plaintiff's response to the motion to dismiss confirms that he seeks to hold Bristol Township liable for the acts of its employees. Retzler argues that Bristol Township employs those persons that he alleges have violated his rights and that they act under the direction of Bristol Township. (*See* Pls.' Resp. to Mot. to Dismiss [Document No. 18] at 3.) Retzler has framed a theory of liability based on *respondeat superior*, yet that is precisely what the law forecloses. The Court will therefore dismiss the claims against Bristol Township.

### C. Claims against McAndrew and Woodard

McAndrew argues that the claims against him should be dismissed without prejudice and Plaintiff should be required to provide a more definite statement of the facts relevant to the claims against McAndrew. Woodard contends that the claims against him should be dismissed because the Complaint fails to allege that Woodard was acting under color of state law.

As noted previously, the Complaint provides enough factual background to put McAndrew on notice of the claims against him. Retzler charges that Chief McAndrew assaulted him,

improperly searched him, and took his property without justification. Of course, the burden rests with Retzler to prove these allegations, but at this stage of the proceedings, Retzler has at least stated a claim under § 1983 for violation of his Fourth Amendment rights as well as his Fourteenth Amendment rights for the taking of his property without due process of law.

As for any § 1983 claim against Woodard, although the Complaint claims that he was off-duty when he pointed a weapon at Retzler, this does not foreclose the possibility that Woodard acted under color of state law.[3] *See Bonenburger*, 132 F.3d at 24 (noting that off-duty police officers who purport to exercise official authority generally act under color of state law). But this dispute – and the dispute over whether Woodard, termed a "Community Service Officer" in the Complaint, can be liable under § 1983 – does not provide a reason to dismiss Retzler's Complaint at this stage. Furthermore, the Complaint asserts that Chief McAndrew directed Woodard to pat down Retzler; it is reasonable – for now – to infer that this search was done under color of state law.

Defendants also seek to dismiss Retzler's defamation claim, his wrongful accusation claim, and his request for a public apology. The Court agrees that these claims should be dismissed. Plaintiff has not stated a cause of action for defamation under Pennsylvania law. Even if he did, his claims would be barred by the one-year statute of limitations. 42 PA. CONS. STAT. ANN. § 5523(1). Although the Complaint does not indicate the exact date when Retzler was defamed, all of the events that could possibly serve as the basis for a defamation claim occurred in 2006. Retzler's response

---

[3] At the same time, "not all torts committed by state employees constitute state action, even if committed while on duty. For instance, a state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of state law." *See Bonenburger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997). Thus, although McAndrew and possibly Woodard have the capacity to act under color of state law, this does not necessarily mean that they so acted with respect to Retzler.

to the Defendants' motion to dismiss includes a newspaper article that Retzler asserts supports his defamation claim. But this article was published on June 24, 2006, which confirms that his defamation claim is time-barred. To the extent this defamation claim arises under § 1983, it also must fail. Damage to reputation, by itself, cannot sustain a § 1983 action. *See Paul v. Davis,* 424 U.S. 693, 708-09 (1976) (holding that injury to reputation alone is not liberty interest protected by the Fourteenth Amendment); *see also Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation.").

The Court will also dismiss Retzler's "wrongful accusation" claim. Perhaps Reztler is attempting to assert a malicious prosecution claim, but however he terms it, the Complaint fails to put forth any basis for a claim that Retzler was arrested or prosecuted for anything. The mere fact that Retzler alleges Chief McAndrew suspected him of illegal wiretapping is insufficient to state a claim, given that no arrest was made and no charges were filed.

As for Retzler's request that this Court require Defendants to place a public apology in the local paper and on public access television, the First Amendment requires that decisions about what gets published or aired are left to editors, not government or the courts. *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 258 (1974). Furthermore, this Court is "not commissioned to run around getting apologies." *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (holding that court exceeded its equitable power when it ordered party to apologize) (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974))).

### D. Statute of Limitations

Defendants did not raise the statute of limitations in their motion to dismiss. According to the docket, Retzler filed for IFP status on June 13, 2008, two days before the statute of limitations

on his § 1983 claims expired.  A motion for IFP status coupled with a complaint tolls the statute of limitations.  *See Scary v. Phila. Gas Works*, 202 F.R.D. 148, 150 (E.D. Pa. 2001) (holding that filing IFP motion with complaint tolls statute of limitations until motion is decided and that if IFP motion is denied, statutory period begins running again).  But here, it is not clear that Retzler included his Complaint with his request for IFP status.  Furthermore, because he failed to include any financial documentation with his IFP request, this Court denied his motion.  That denial restarted the statutory time period for Retzler's claims.  *See id*.  The Court did, however, reconsider its decision and, on August 19, 2008, allowed Retzler to proceed IFP.

The Court takes no position on the issue for purposes of this motion, but arguably, any claims arising from the June 15, 2006 incident are barred, unless June 13, 2006 is ultimately deemed the date of filing.

**IV.    CONCLUSION**

For the reasons above, the Court grants in part, and denies in part, Defendants' motion to dismiss.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
| Plaintiff, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **JAMES MCANDREW, et al.,** | : | No. 08-2764 |
| Defendants. | : | |

### ORDER

**AND NOW**, this **16th** day of **March**, **2009**, upon consideration of the amended motion to dismiss of Defendants James McAndrew, Bristol Township and David Woodard, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendants' motion to dismiss (Document No. 11) is **DENIED as moot**.

2. Defendants' amended motion to dismiss (Document No. 12) is **GRANTED in part, and DENIED in part** as follows:

   a. The claims against Defendant Bristol Township are **DISMISSED with prejudice**. Plaintiff's defamation claims, wrongful accusation claims and request for an apology are **DISMISSED with prejudice**.

   b. Plaintiff may proceed, in accordance with this opinion, with his claims against Defendants McAndrew and Woodard for their alleged violations of Retzler's constitutional rights.

BY THE COURT:

_/s/ Berle M. Schiller_
**Berle M. Schiller, J.**