**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JAMES MCANDREW, et al.,** | : | No. 08-2764 |
| **Defendants.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Schiller, J.**                                                              **March 16, 2009**

Plaintiff Westley Retzler recently has filed six Complaints in this District. In each case, Retzler is proceeding pro se and has been granted *in forma pauperis* (IFP) status. Retzler's handwritten Complaints in sum name over twenty-five different individuals and entities as Defendants. The Complaints are best described as a hodgepodge of alleged wrongs perpetrated against him (and his sometimes co-Plaintiff Laura Warden) by private citizens, public officials, and the government of Bucks County.

The first case that Retzler filed centers around an incident in which Retzler claims Police Chief James McAndrew assaulted him and took his property. The above-captioned lawsuit names nine different individuals and entities as Defendants. The following Defendants filed a motion to dismiss the claims against them: Detectives Robert Gorman and Terry Lachman, Chief Detective Chris McAteer, the Bucks County District Attorney's Office, Detective John Knowles, and District Attorney Thomas Distefano. For the reasons below, the motion is granted.

I.      **BACKGROUND**

Retzler filed for IFP status on June 13, 2008. His request was denied on June 23, 2008, but

he filed a request for reconsideration, and the Court granted Retzler IFP status on August 19, 2008. His Complaint was entered on the docket that same day.

The Complaint alleges that on June 15, 2006, following a Bristol Township Council meeting, Retzler was walking down the hall to the men's room when Chief James McAndrew blocked him, pushed him into a wall and took his digital audio recorder. (Compl. at 2.) Retzler claims that Chief McAndrew hit him with the recorder and twisted his arm. (*Id*.) Sometime during this altercation, David Woodard, whom Retzler identifies as a "Community Service Officer (Civilian Employee)," became involved and shoved Retzler into the wall, and then patted him down. (*Id*.) Chief McAndrew and Woodard then entered the auditorium, where Chief McAndrew held up the recorder and yelled, "Look what I got, I got this little psycho [expletive omitted] bastard now!" (*Id*. at 3.)

Retzler was treated at a local hospital. Bucks County detectives investigated the incident, taking a statement from Retzler and digital pictures of his injuries. (*Id*. at 4.) According to Retzler, he has requested these pictures from Deputy Chief McAteer, but McAteer has refused to provide them. (*Id*.)

In mid-August of 2006, two Bucks County Detectives, believed to be Robert Gorman and Terry Lachman, went to Retzler's home and told him that they had his digital audio recorder and that they had obtained a search warrant to listen to the recorder. (*Id*.) The affidavit in support of the search warrant, which Retzler attached to his Complaint, was sworn out by Detectives Lachman and Gorman and based largely on information obtained during an interview they conducted with Chief McAndrew after the June 15, 2006 incident. Magisterial District Judge Joanne Kline issued the search warrant on June 27, 2006. Retzler was provided with a copy of the search warrant and a property receipt for the digital audio recorder. (*Id*. at 5.) Lachman told Retzler that none of the files

2

on the digital audio recorder contained anything incriminating; Lachman also mentioned that Chief McAndrew wanted Retzler "arrested for anything" and thus was targeting him. (*Id*.) The detective informed Retzler that Chief McAndrew and Woodard would not face charges for the June 15, 2006 incident because the Chief would bring a lot of police officers to testify as to the trouble Retzler caused. (*Id*. at 6.) The digital audio recorder was returned to Retzler, without incident, on or about August 28, 2006. (*Id*.)

In a separate June 12, 2007 incident, Retzler was at the Bristol Township Municipal Building when Woodard, who was off duty and departing for the day, parked behind Retzler's vehicle, thereby preventing him from leaving. (*Id*. at 7.) Woodard verbally harassed Retzler and, from inside his vehicle, pointed an automatic weapon at Retzler, and shouted "if you have anything more to say about me I will shoot your [expletive deleted] ass." (*Id*. at 7.)

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Because Retzler is proceeding pro se, this Court must construe his Complaint liberally and apply the

3

applicable law, even if Retzler failed to mention it by name. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.  Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007).  Simply reciting the elements will not suffice. *Id*. at 231.

Because Retzler is proceeding *in forma pauperis*, 28 U.S.C. § 1915 applies.  Under that statute, a court shall dismiss an action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (2008).  The frivolousness prong of the law permits judges to examine the factual allegations of the complaint and dismiss claims that rely on baseless factual contentions. *Guarrasi v. Gibbons*, Civ. A. No. 07-5475, 2008 WL 4601903, at *4 (E.D. Pa. Oct. 15, 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

## III.    DISCUSSION

### A.    Claims against Detectives Lachman and Gorman

According to Retzler, Lachman advised him that Chief McAndrew wanted Retzler arrested and so he should "watch his back." (Compl. at 6.)  Lachman also informed Retzler that Woodard

4

would not be charged for the earlier altercation among Retzler, McAndrew and Woodard.  Lachman and Gorman also swore out a search warrant for Retzler's digital recorder.  Finally, Retzler claims that Lachman and Gorman have ignored his demands to enforce his rights and protect him.

The case against Lachman and Gorman must be dismissed.  At most, Lachman relayed a threat from Chief McAndrew and Lachman and Gorman failed to charge Woodard with a crime.  The failure to initiate a prosecution cannot serve as the basis for a civil rights claim.  *See Reynolds v. Donate*, Civ. A. No. 07-131, 2007 WL 320754, at *2 (M.D. Pa. Jan. 30, 2007).  A private citizen, such as Retzler, does not have a judicially protected interest in the criminal prosecution of another.  *See Nelson v. Pennsylvania*, Civ. A. No. 97-6548, 1997 U.S. Dist. LEXIS 19923, at *6 (E.D. Pa. Dec. 8, 1997); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Furthermore, the decision to charge someone with a crime rests within the discretion of the prosecutor, not police detectives.  *See Wayte v. United States*, 470 U.S. 598, 607 (1985).

As for the threat from McAndrew relayed by Lachman, the Complaint contains no allegation that Lachman himself threatened Retzler or that he arrested Retzler.  Although Retzler is entitled to have his Complaint read liberally, this Court is not required to conjure up civil rights violations for pro se litigants.  The case against Lachman and Gorman is therefore dismissed.

**B.    Claims against Deputy Chief Chris McAteer**

The only allegations against McAteer are that he refused to provide Retzler with the digital pictures of Retzler's injuries taken as part of the investigation into Retzler's claims and that McAteer has not responded to Retzler's calls.  Plaintiff fails to explain how the refusal to disclose pictures from a police investigation can sustain a claim under § 1983.  While Plaintiff may be entitled to view the pictures under certain circumstances, this Court cannot jump to the conclusion that the failure

5

of McAteer to provide them at Retzler's request can serve as the basis for a legal claim. Furthermore, this Court has no basis upon which to assume that the pictures were in the control of McAteer. Additionally, the failure to pick up the telephone cannot provide the basis for a civil rights claim. Accordingly, McAteer is dismissed from this case.

### C.    Claims against the Bucks County District Attorney's Office

In *Reitz v. County of Bucks*, the Third Circuit held that the Bucks County District Attorney's office is not an entity that can be sued under § 1983. 125 F.3d 139, 148 (3d Cir. 1997). Thus, Plaintiff's claims against the Bucks Country District Attorney's Office are dismissed.

### D.    Claims against Detective John Knowles and District Attorney Thomas Distefano

The Complaint contains no allegations against these individuals and they are therefore dismissed from this case.

## IV.    CONCLUSION

For the reasons above, the Court grants Defendants' motion to dismiss. An appropriate Order follows.

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESTLEY RETZLER,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JAMES MCANDREW, et al.,** | : | **No. 08-2764** |
| **Defendants.** | : | |

## ORDER

**AND NOW**, this **16th** day of **March**, **2009**, upon consideration of the motion to dismiss of Defendants Robert Gorman, Terry Lachman, Chris McAteer, John Knowles, Bucks County District Attorney's Office, and Thomas Distefano, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1.  Defendants' motion to dismiss (Document No. 13) is **GRANTED**.

2.  The claims against the following six Defendants are **DISMISSED with prejudice**: (1) Detective Robert Gorman; (2) Detective Terry Lachman; (3) Detective Chris McAteer; (4) the Bucks County District Attorney's Office; (5) Detective John Knowles; and (6) District Attorney Thomas Distefano.

BY THE COURT:

_____

**Berle M. Schiller, J.**